IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DANIEL MINTEN,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS L. WEBER, Individually and his Official Capacity as Sheriff of Osceola County, Iowa,<br><br>    Defendant. | No. C11-4004-MWB<br><br>**ORDER** |

_____

A jury trial is scheduled to commence in this case in ten days, on February 6, 2012. A final pretrial conference was held on January 25, 2012. Several days before the final pretrial conference, the parties submitted to the court a proposed final pretrial order. On January 26, 2012, the court filed the proposed final pretrial order (Doc. No. 38) with minor changes not material here. From the discussions of the parties at the final pretrial conference, and from the contents of the proposed order, it was apparent that the parties were contemplating that mitigation of damages would be one of the major issues to be litigated at the trial. After the final pretrial conference, the court reviewed the pleadings and determined that mitigation of damages had not been pled by the defendant as an affirmative defense. The court then sent the attorneys for the parties an email clarifying several matters that had been discussed at the final pretrial conference. The court also stated the following: "It does not appear from the pleadings that mitigation has been pled as a defense. Why should any such evidence be admitted? It looks to me like mitigation is not an issue in the case."

After receiving the email, the defendant filed a motion (Doc. No. 36) for leave to amend his answer together with a supporting brief (Doc. No. 36-1). In the motion, the

defendants asserted that the email "was Defendant's, (and apparently Plaintiff's) first notice of this oversight." The defendant further asserted that the "parties conducted discovery under the mistaken belief that this issue had been raised" and that the "parties prepared their pretrial submissions under the mistaken belief that this issue had been raised." The defendant also maintained that "[n]either party will suffer prejudice if Defendant is allowed to amend his Answer to raise an Affirmative Defense that all parties mistakenly believed had always been there."

In his brief, the defendant acknowledged that the failure to mitigate damages must be pled as an affirmative defense (citing *Modern Leasing, Inc. of Iowa v. Falcon Mfg. of Cal., Inc.*, 888 F.2d 59, 62 (8th Cir. 1989)) and that it had not been pled, stating that defense counsel "mistakenly believed that mitigation was included in the Answer as an affirmative defense." The defendant also stated that the issue was a subject covered by both parties during discovery, and was included by both parties in the pretrial submissions, including a pretrial stipulation, the joint proposed jury instructions, and the proposed final pretrial order. After citing to the appropriate legal principles, the defendant argued as follows:

> In the instant case, it is clear from the manner in which the mitigation issue was addressed during discovery, and the parties' pre-trial submissions in anticipation of the pretrial conference, that both parties were operating under the mistaken belief that mitigation had been properly raised. It is equally clear that immediately upon learning that this was not the case, Defendant sought leave to correct this oversight. There is no indication of lack of diligence with respect to meeting any of the other deadlines that were established in the Scheduling Order. While the absence of prejudice is not dispositive, it is clear from the manner in which the parties addressed the issue, as if it had been raised from the beginning, that Plaintiff will not be prejudiced if Defendant is allowed leave to amend.

Doc. No. 36-1, p. 3.

The motion is **denied**. Local Rule 15 provides, in part, as follows:

> A party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) or (d) must describe in the motion the changes sought, and must electronically attach to the motion and file under the same docket entry the proposed amended or supplemented pleading. An amended or supplemented pleading, whether filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) or as an electronic attachment to a motion, must not, except by leave of court, incorporate any prior pleading by reference, but must reproduce the entire new pleading. If a motion to amend or supplement a pleading is granted, the Clerk of Court will detach, file, and docket the proposed pleading.

The defendant had not complied with this Local Rule.

Even if the defendant had complied with the Local Rules, it is doubtful he has made a sufficient showing to entitle him to the requested relief. *See Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F. Supp. 2d 1093, 1097-1100 (N.D. Iowa 2008) (Bennett, J.)

**IT IS SO ORDERED.**

**DATED** this 27th day of January, 2012.

_/s/ Paul A. Zoss_
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT